UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA A. ELLIS,

    Plaintiff,

v.

                           Case No. 2:14-cv-11186
                           Honorable Laurie J. Michelson

CHASE HOME FINANCE, LLC,
JPMORGAN CHASE BANK, N.A.,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee, and
UNKNOWN TRUST, the currently
unknown asset-backed security at issue,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S
<u>MOTION FOR REMAND [9]</u>**

This is a mortgage foreclosure lawsuit involving real property in South Rockwood, Michigan. Plaintiff Barbara Ellis executed a mortgage with Washington Mutual Bank that was subsequently reassigned to Defendant JPMorgan Chase Bank following the 2008 financial crisis. The mortgage is currently held in trust by Defendant Deutsche Bank. Plaintiff had problems making the mortgage payments. JPMorgan Chase Bank eventually foreclosed and bought the property at a sheriff's sale in August 2013. Plaintiff brought this action in Monroe County Circuit Court in February 2014, alleging wrongdoing by the banks under federal and state statutes and common law. Defendants Chase and Deutsche Bank removed the case to this Court on March 20, 2014. Before the court is Plaintiff's motion to remand the case to the state court. (Dkt. 9.) For the reasons set forth below, this Court DENIES Plaintiff's motion.

**I. Background**

This lawsuit arises from a dispute over JPMorgan Chase Bank's foreclosure of a mortgage, originally executed on February 27, 2004, between Barbara Ellis and Washington Mutual Bank as security for a $240,000 loan to purchase real property in South Rockwood, Michigan. (Dkt. 1, Ex. A to Compl.) Washington Mutual became defunct after the 2008 financial collapse, and the FDIC reassigned the management and service of Ellis's mortgage to JPMorgan Chase. (Dkt. 1, Compl. ¶¶ 21–25.) The mortgage is presently part of a pool of former Washington Mutual mortgages that are held in trust by Deutsche Bank. (*Id.*, at ¶¶ 27–28.)

After the reassignment, Ellis fell behind in making payments and tried to modify the mortgage agreement. (Dkt. 1, Ex. R to Compl.) Chase denied her request, and Ellis subsequently asked Chase to approve her for a short sale of the property. (*Id.*) After having issues with the prospective buyer, Ellis ultimately authorized Chase to sell the property at a sheriff's sale. (Dkt. 1, Ex. V to Compl.) Chase purchased the property at a sheriff's sale on August 1, 2013. (Dkt. 1, Ex. X to Compl.)

On February 28, 2014, Plaintiff filed this lawsuit in the Monroe County Circuit Court. (Dkt. 1, Compl.) Plaintiff asserts violations of the Truth in Lending Act (*Id.* at ¶¶ 147–51, 176–80), Real Estate Settlement Procedures Act (*Id.* at ¶¶ 152–75, 181–84), various state foreclosure and debt-collection statutes (*Id.* at ¶¶ 92–146, 256–65), and state common law claims (*Id.* at ¶¶ 185–255). Plaintiff named as defendants Chase Home Finance, LLC; JPMorgan Chase Bank, N.A. (collectively, with Chase Home Finance, "Chase"); Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"); and the Unknown Trust ("the Trust").

Chase and Deutsche Bank removed the complaint to this Court on March 20, 2014, asserting both diversity jurisdiction and federal-question jurisdiction. (Dkt. 10.) In their notice of

removal, Defendants stated that the Unknown Trust had not, to their knowledge, been served, but argued that the Unknown Trust was a nominal defendant that did not need to consent to removal. (*Id.*, at ¶¶ 5–6.)

Plaintiff has moved to remand. (Dkt. 9, Pl.'s Mot. to Remand) Plaintiff argues that Defendants (1) did not comply with the rule of unanimity by failing to obtain the Trust's consent to removal, (2) failed to file all state-court documents with this Court, and (3) failed to establish diversity jurisdiction. (*Id.*) None of these arguments warrant remand.

## II. Legal Standard

As courts of limited jurisdiction, the federal courts of the United States can hear only those cases falling within the judicial powers defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). A defendant may remove a civil action from a state court pursuant to 28 U.S.C. § 1441(a) only when the federal court would have original jurisdiction over the civil action. For example, a defendant may remove a civil action on the basis of diversity under 28 U.S.C. § 1332(a) or a federal question under 28 U.S.C. § 1331. 28 U.S.C. § 1441(b), (c)(1)(A).

In order to remove a case, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The consent requirement is known as the "rule of unanimity."

Once a complaint is removed to federal court, a plaintiff may file a motion to remand the case to state court. Motions to remand are governed by 28 U.S.C. § 1447(c), which states that the district court may remand an action to the state court "on the basis of any defect other than lack of subject matter jurisdiction" provided that the motion is filed "within 30 days after the filing of

3

the notice of removal." In this case, Plaintiff's motion to remand, made within thirty days after the filing of the notice of removal, was timely.

## III. Analysis

### A. The Rule of Unanimity

Plaintiff first argues that the Defendants failed to comply with the rule of unanimity because the Trust neither joined the notice of removal nor filed written consent to removal.

The rule of unanimity, derived from 28 U.S.C. § 1446, provides that "in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)); *see also* 28 U.S.C. § 1446(b)(2). Thus, a defendant need not consent if it either was not served at the time of the notice of removal, or is a nominal defendant. *Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 U.S. App. LEXIS 6086, at *12 n.8 (6th Cir. Mar. 22, 1994), *cited with approval in Lounsbury v. Citimortgage, Inc.*, No. 13-14431, 2014 U.S. Dist. LEXIS 1772, at *3 (E.D. Mich. Jan. 8, 2014); *Burniac v. Wells Fargo Bank, N.A.*, No. 13-12741, 2013 U.S. Dist. LEXIS 176616, at *24 (E.D. Mich. Dec. 17, 2013); *see also Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)). The Sixth Circuit in particular has adopted a relaxed view of the unanimity requirement. 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3730 (2009); *see Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004) (holding that a removal notice that stated that counsel for some defendants had obtained the concurrence of counsel for

4

the remaining defendant satisfied the requirement that all properly joined defendants join in or consent to removal).

The Trust is a nominal defendant and need not consent to Defendants' removal. The Seventh Circuit has explained that a nominal defendant is a party that "has no interest in the subject matter litigated" and whose relation to the suit is "merely incidental and 'it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s].'" *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (quoting *Bacon v. Rives*, 106 U.S. 99, 104 (1882)). The Sixth Circuit has likewise defined a nominal party as "one who has no interest in the result of the suit and need not have been made a party thereto." *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (quoting *Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952). The Trust is merely a pool of mortgages and is not a real party in interest: it would own the mortgage loan, note, and mortgage at issue no matter which party prevails. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, No. 13-12430, 2013 U.S. Dist. LEXIS 124175, at *7 (E.D. Mich. Aug. 30, 2013).

Plaintiff has asserted claims directly against the Trust,[1] but a fair reading of the complaint shows that Plaintiff's claims are against Chase, the servicer of her loan, and Deutsche Bank, the Trustee. *See Jackson*, 2013 U.S. Dist. LEXIS 124175, at *7. Plaintiff seeks an injunction against Chase to prevent her eviction, a judgment to set aside the sheriff's sale which conveyed the deed to Chase, and damages against Chase and Deutsche Bank for their alleged statutory and common law violations. (Dkt. 1, Compl.) None of this relief would come at the expense of the Trust.

---

[1] Plaintiff alleges that the Trust committed tortious interference, (Dkt. 1, Compl. ¶¶ 244-50), civil conspiracy, (*id.* at ¶¶ 251-55), and that it violated the Truth in Lending Act and the Real Estate Settlement Procedures Act, (*id.* at ¶ 10-11, 147-151, 176-84).

Even if the Trust's consent was required to remove this case to federal court, this Court would nevertheless deny Plaintiff's motion to remand because the Trust's consent can be implied from the joinder of Trustee Deutsche Bank in the notice of removal.

Plaintiff's reliance on *Buterbaugh v. Selene Fin. LP*, No. 12-14763, 2013 U.S. Dist. LEXIS 29612 (E.D. Mich. Mar. 4, 2013) to support her contention that the case should be remanded because the Trust did not expressly consent to removal does not alter the Court's conclusion. In *Buterbaugh*, JPMorgan Chase Mortgage Acquisition Corporation, acting in its capacity as trustee for an unknown trust, removed the case to federal court. *Id.* at *2. The court remanded the case, but only because the trustee conceded lack of consent and incorrectly disputed the proper service of the trust. *Id.* at *7–10. In fact, the court explicitly stated, "Although JPMorgan as *Trustee could presumably have consented to removal on behalf of Defendant Unknown Trust*, it has chosen instead to dispute service of process." *Id.* at *10 (emphasis added). *See Jackson*, 2013 U.S. Dist. LEXIS 124175, at *6–7 (allowing the trustee to consent to removal on behalf of the trust where trustee did not dispute service of process). *Cf. Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980) (holding that the trustees, who had legal title, managed the assets, and controlled the litigation, were the real parties to the controversy).

Here, unlike in *Buterbaugh*, the removing Defendant Trustee neither concedes lack of consent nor disputes proper service on the Trust, and instead argues that it consented to removal on the Trust's behalf. Accordingly, the Court finds that the Trust implicitly consented to removal when Deutsche Bank joined Chase in the notice of removal. *See Jackson*, 2013 U.S. Dist. LEXIS 124175, at *6.

6

### B. Failure to File All State Court Documents

Plaintiff next argues that the case must be remanded because Defendants failed to include the state court summonses for Chase, Deutsche Bank, and the Trust with the notice of removal. Pursuant to 28 U.S.C. § 1446(a), a removing party must file with the district court "a copy of all process, pleadings, and orders served upon" it. Plaintiff notes that removal statutes must be "strictly construed and all doubts resolved in favor of a remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2012).

On the other hand, the Sixth Circuit has also expressed its "reluctance to interpret statutory removal provisions in a grudging and rigid manner, preferring instead to read them in a light more consonant with a modern understanding of pleading practice." *Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 U.S. App. LEXIS 6086, at *13 (6th Cir. Mar. 22, 1994). The *de minimis* procedural error of omitting inconsequential papers is curable in the federal courts. *See, e.g.*, Wright, Miller, Cooper, Fed. Prac. & Proc. § 3733 (2009) ("The failure to conform to these procedural rules is not a jurisdictional defect, however, and both the failure to file all the state court papers and the failure to provide the Federal Civil Rule 11 signature are curable in the federal court.") (footnotes omitted). In other words, "a totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (collecting authority).Without any allegation that Defendants' procedural defect prejudices any of the parties, this Court, or the state court, the Court finds remand a "disproportionate" response to Defendants' error. *See id.* ("Remand would be a disproportionate sanction for a trivial oversight, and when judges measure out sanctions they strive for proportionality.").

Moreover, Plaintiff's counsel has frequently advanced this argument, and courts in this district have repeatedly rejected it. *See, e.g.*, *Lounsbury*, 2014 U.S. Dist. LEXIS 1772, at *2–3; *Burniac*, 2013 U.S. Dist. LEXIS 176616, at *24-26; *Ordway v. Bank of Am., N.A.*, No. 13-13236, 2013 U.S. Dist. LEXIS 145228, at *7–8 (E.D. Mich. Oct. 8, 2013); *Anderson v. Bank of Am., N.A.*, No. 13-12834, 2013 U.S. Dist. LEXIS 124173, at *4–5 (E.D. Mich. Aug. 30, 2013); *Jackson*, 2013 U.S. Dist. LEXIS 124175, at *4; *Griffin v. JPMorgan Chase Bank, N.A.*, No. 13-10002, 2013 U.S. Dist. LEXIS 71597, at *7–9 (E.D. Mich. May 21, 2013).

### C. The Court Has Jurisdiction

Plaintiff, in a footnote of her motion to remand, contends that Defendants have not established the parties' diversity of citizenship. (Dkt. 9.) This argument is without merit. Plaintiff is domiciled in and a citizen of the State of Michigan. Defendant Chase is a citizen of Ohio. Defendant Deutsche Bank, Trustee, is a citizen of California. The Trust is managed by the Trustee and is thus a citizen of California. *See Gen. Ret. Sys. v. UBS*, No. 10-13920, 2010 U.S. Dist. LEXIS 134653, at *4-13 (E.D. Mich. Dec. 20, 2010) (surveying the circuit split and concluding that a trust is a citizen of the state in which the trustee is a citizen). The amount in controversy is also satisfied because the foreclosed property at issue had a mortgage loan balance in excess of $75,000 and was sold at a sheriff's sale for $155,000. Moreover, Plaintiff has alleged claims under TILA and RESPA and thus, the Court also has federal question jurisdiction of this action. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a).

## IV. Conclusion

For the reasons set forth above, the Court finds that Defendants complied with the rule of unanimity when they removed this case to federal court and that Defendants' failure to file all

state court documents in this Court is a curable procedural defect. The Court therefore DENIES Plaintiff's motion to remand.

Pursuant to the parties' stipulation (Dkt. 13), Plaintiff shall file a response to Defendants' Motion to Dismiss (Dkt. 4) within fourteen (14) days from the entry of this Order.

IT IS SO ORDERED.


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2014


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 6, 2014.

s/Jane Johnson
Case Manager to
U.S. District Judge Laurie J. Michelson