UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA A. ELLIS,

     Plaintiff,

                                                        Case No. 2:14-cv-11186

v.                                          Honorable Laurie J. Michelson

CHASE HOME FINANCE, LLC,
JPMORGAN CHASE BANK, N.A.,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee, and
UNKNOWN TRUST, the currently
unknown asset-backed security at issue,

     Defendants.

_____/

## **ORDER TO SHOW CAUSE**

     Defendants in this matter filed a motion to dismiss on April 16, 2014. (Dkt. 4.) On May 9, 2014, the Court entered a Stipulated Order that "Plaintiff shall have 14 days after the Court's adjudication of Plaintiff's Motion to Remand to file a Response to Defendants' Motion to Dismiss." (Dkt. 13.) On June 6, 2014, the Court entered an Order denying Plaintiff's Motion to Remand. (Dkt. 16.) The Order stated that "[p]ursuant to the parties' stipulation (Dkt. 13), Plaintiff shall file a response to Defendants' Motion to Dismiss (Dkt. 4) within fourteen (14) days from the entry of this Order." (*Id*. at 9.) As of June 26, 2014, Plaintiff has failed to respond to the motion to dismiss.

THEREFORE, Plaintiff is hereby ORDERED to SHOW CAUSE, in writing, by July 2, 2014, why Defendants' motion to dismiss should not be granted as unopposed.[1]

Plaintiff is FURTHER ORDERED to explain why it failed to timely respond to Defendant's motion.

IT SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2014


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 26, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

---

[1] "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) (quoting *Scott v. State of Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (granting the defendants' unopposed motion to dismiss)); *see also, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal); *McKinzy v. Unified Government of Wyandotte County/Kansas City, KS*, No. 09–2199, 2010 WL 2719852, at *2 (D. Kan. July 8, 2010) (court could grant the defendants' unopposed motion to dismiss and for sanctions "with little further consideration" where the plaintiff failed to file a responsive brief as required by the local court rules); *Zayed v. United States*, 221 F. Supp. 2d 813, 815 n.1 (N.D. Ohio 2002) (court is within its discretion to consider the defendant's motion to dismiss as unopposed due to the plaintiff's lack of a timely response under the local court rule, observing that "these motions are often granted").