# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: February 08, 2016

Ms. Barbara Ann Ellis
8293 Huron River Road
South Rockwood, MI 48179

Ms. Christyn Monique Scott
Dykema Gossett
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304

        Re:  Case No. 15-1059, *Barbara Ellis v. Chase Home Finance, LLC, et al*
             Originating Case No. : 2:14-cv-11186

Dear Sir or Madam,

  The Court issued the enclosed (Order/Opinion) today in this case.

                        Sincerely yours,

                        s/Laura A. Jones
                        Case Manager
                        Direct Dial No. 513-564-7023

cc:  Mr. Kyle R. Dufrane
      Mr. Thomas H. Trapnell
      Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 15-1059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| BARBARA ANN ELLIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CHASE HOME FINANCE, LLC, et al., | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

**FILED**
Feb 08, 2016
DEBORAH S. HUNT, Clerk

O R D E R

Before: COLE, Chief Judge; SUTTON and DONALD, Circuit Judges.

Barbara Ann Ellis, a Michigan citizen proceeding pro se, appeals a district court judgment dismissing her civil action challenging the foreclosure of her home. She also moves "to suspend all rules," for sanctions, for correction of the record, for oral argument, for an extraordinary writ for summary judgment, to strike the appellees' "affirmative defenses," and for leave to amend the appeal. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Initially represented by counsel, Ellis filed a complaint in Michigan state court against Chase Home Finance, LLC ("Chase Servicing"), JP Morgan Chase Bank, N.A. ("Chase Bank," also known collectively with Chase Servicing as "Chase"), Deutsche Bank National Trust Co. ("Deutsche Bank"), and an unknown trustee. She claimed that the defendants caused the wrongful foreclosure of her home on numerous grounds. She alleged as follows: An assignment of her mortgage by her initial mortgagee, Washington Mutual ("WaMu"), into an asset-backed

security ("ABS") was improperly executed. WaMu, which remained the loan's servicer, then wrongfully charged her for two simultaneous, overpriced forced-place flood insurance policies, both of which were "entirely fake." Subsequent loan servicer, Chase Servicing, charged her for a costly hazard insurance policy until she obtained a much cheaper hazard insurance policy on her own. In addition, Chase fraudulently advised her to fall behind on her loan payments in order to obtain a modification on her loan after she experienced economic hardship. Chase then failed to modify her loan as agreed after she fell behind on her payments. Meanwhile, Chase fraudulently created a chain of title by using a "robo-signer" to forge assignment documents. In order to distance herself from this process, Ellis agreed to conduct a short sale of her property. However, despite this agreement, Chase conducted a sheriff's sale of the property, which triggered a six-month redemption period. Although Chase stated that it would approve the short sale prior to the expiration of the redemption period, it did not do so, and it was able to keep the property after the expiration of the redemption period.

Ellis made the following claims: (1) the foreclosure violated Michigan Compiled Laws § 600.3204(1) and (3) because the mortgage was improperly assigned; (2) the foreclosure violated Michigan Compiled Laws §§ 600.3204(4), 600.3205a, and 600.3205c because her loan servicer failed to follow the procedures required to foreclose on property that is eligible for loan modification, even after she requested such modification; (3) she was not notified of the transfer of her loan, as required under the Truth in Lending Act, 15 U.S.C. § 1641(g), and a provision of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (4) the defendants' mismanagement of her escrow account violated multiple provisions of RESPA, 12 U.S.C. §§ 2605(e), (g), (k), (l), and (m) and 2609(a), and breached the mortgage contract; (5) the defendants negligently administered her loan; (6) the defendants breached the loan modification contract; (7) due to the defendants' failure to modify the loan as agreed, they were barred under the doctrine of promissory estoppel from foreclosing on the loan; (8) the defendants' actions were the result of either a conspiracy to defraud her and trick her into foreclosure or constructive fraud; (9) ABS engaged in tortious interference with contractual relations; (10) the defendants joined in a civil conspiracy; (11) the defendants violated the Michigan Regulation of Collection

Practices Act, Mich. Comp. Laws §§ 445.251-445.258, and the Michigan Fair Debt Collection Practices Act, Mich. Comp. Laws §§ 339.901–339.920; and (12) Chase Servicing was unauthorized to foreclose on her house because it was an unlicensed corporation. She sought declaratory and injunctive relief, as well as monetary and punitive damages.

The defendants removed Ellis's case to federal court. The district court then granted the defendants' motion to dismiss and dismissed Ellis's complaint for failure to state a claim upon which relief can be granted. The district court first determined that Ellis had not made any specific allegations against Deutsche Bank. The district court next determined that Ellis did not have standing to challenge the assignment of her loan to Chase because she was not a party to the assignment. As to Ellis's allegation that Chase failed to comply with Michigan Compiled Laws §§ 600.3204(4), 600.3205a, and 600.3205c in response to her attempts to modify her loan, the district court determined that this assertion was belied by the exhibits attached by Ellis, which contain numerous letters from Chase to Ellis regarding the requirements to pursue modification. Although Ellis alleged that Chase entered into a loan modification agreement with her, the district court found that the documents provided by Ellis demonstrating this agreement did not bear a signature of a Chase representative, and thus her claim was barred by Michigan's statute of frauds. *See* Mich. Comp. Laws § 566.132(2). The district court further determined that Ellis did not plead sufficient facts to support her allegation that Chase breached the terms of the mortgage agreement by improperly administering her escrow account. Additionally, although Ellis generally contended that Chase acted fraudulently, violated Michigan's Regulation of Collection Practices Act and Michigan's Fair Debt Collections Act, and participated in a civil conspiracy, she did not identify any particular instances of fraudulent conduct or plead anything beyond parroting the statutory texts. Although Ellis contended that Chase violated RESPA, the district court determined that she did not allege facts sufficient to demonstrate a violation of 12 U.S.C. § 2609(a), and that her claims under 12 U.S.C. § 2605 were barred under the applicable three-year statute of limitations. The district court also dismissed Ellis's claims that Chase was an unlicensed corporation and that there was a civil conspiracy. The district court concluded that

Ellis had waived her remaining claims by failing to respond to the defendants' motion to dismiss those claims.

On appeal, Ellis argues that: (1) her attorney engaged in misconduct; (2) Chase's modification of the escrow agreement caused her to declare bankruptcy and violated 11 U.S.C. § 524; (3) the mortgage redemption period lasted for one year, rather than six months; (4) a second contract to sell her home fell through because Chase misrepresented the property redemption date to her real estate agent; and (5) the statute of frauds did not bar her claim that she and Chase had entered a loan modification agreement.

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). A complaint will survive dismissal if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Now proceeding pro se, Ellis first contends that her attorney engaged in misconduct. However, an adverse judgment in a civil case may not be attacked on the ground of ineffective assistance of counsel; a malpractice action against the attorney is the appropriate form of recourse. *See United States v. $100,375.00 in U.S. Currency*, 70 F.3d 438, 440–41 (6th Cir. 1995).

Ellis also argues for the first time on appeal that: (1) Chase's modification of the escrow agreement caused her to declare bankruptcy and violated 11 U.S.C. § 524; (2) the mortgage redemption period lasted for one year, rather than six months; and (3) a second contract to sell her home fell through because Chase misrepresented the property redemption date to her real estate agent. However, we will not consider these claims for the first time on appeal. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013).

Ellis challenges the district court's determination that the Michigan statute of frauds bars her claim that there was a loan modification agreement. She attaches to her appellate brief documents allegedly signed by Chase offering to modify her loan pending further approval, and she contends that these documents meet the requirements of Michigan's statute of frauds. However, because these documents were not included in the district court record, we will not consider them. *See United States v. Barrow*, 118 F.3d 482, 487–88 (6th Cir. 1997). Her motion to correct the record is denied for the same reason. Moreover, although Ellis alleged that "Exhibit L" to her complaint contained a signed modification agreement, Exhibit L in fact contained a letter from Chase that was signed by Chase, but offered only to modify her loan pending Chase's approval. The loan modification agreement the Exhibit contained was signed only by Ellis. As a result, it was not binding on Chase under the Michigan statute of frauds. *See* Mich. Comp. Laws § 566.132(2); *Huntington Nat'l Bank v. Daniel J. Aranoff Living Tr.*, 853 N.W.2d 481, 488–89 (Mich. Ct. App. 2014). Because the purported modification agreement was not signed by Chase, this argument lacks merit.

Ellis does not present any arguments challenging the district court's remaining bases for dismissing her claims. Accordingly, she has abandoned those issues. *See O'Hara v. Brigano*, 499 F.3d 492, 498 (6th Cir. 2007); *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006). Additionally, Ellis raises new claims in her reply brief and her motion to amend the appeal, but we need not consider arguments raised for the first time in a reply brief. *Bondex Int'l Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 684 (6th Cir. 2011).

In light of the foregoing, the district court's judgment is **AFFIRMED**. All outstanding motions are **DENIED.**

        ENTERED BY ORDER OF THE COURT

        Deborah S. Hunt, Clerk