UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, and UNKNOWN TRUST, the currently unknown asset-backed security at issue,<br><br>    Defendants. | Case No. 14-11186<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION, DENYING MOTION TO STAY EVICTION, AND DENYING MOTION TO SET ASIDE JUDGMENT [30]**

Barbara Ellis, through counsel, filed this lawsuit in 2014, seeking relief after the foreclosure of her South Rockwood, Michigan home. The Court granted Defendants' motion to dismiss, finding that Ellis' complaint failed to state a claim upon which relief could be granted. The Sixth Circuit affirmed. Ellis, now *pro se*, has returned to this Court, seeking an injunction prohibiting Defendants from selling her home and staying any eviction proceedings. She also seeks to set aside this Court's judgment dismissing her Complaint. Both motions will be denied.

**I. BACKGROUND**

According to Ellis' Complaint (R. 1-1), on February 27, 2004, Ellis and Washington Mutual Bank executed a note and a mortgage as security for a $240,000 loan to purchase real property in South Rockwood, Michigan ("the Property"). (Compl. Ex. A.) Washington Mutual became defunct after the 2008 financial collapse. The mortgage was thus transferred to a trust

consisting of a pool of former Washington Mutual mortgages, with Deutsche Bank acting as trustee. (*Id.* at ¶¶ 27–28.) The Federal Deposit Insurance Corporation ("FDIC") reassigned the servicing of Ellis' mortgage to JPMorgan Chase. (*Id.* at ¶¶ 21–25; Compl. Ex. AA, Assignment.) In 2009, Ellis fell behind in her mortgage payments. (Compl. at ¶ 38.) Ultimately, despite efforts at loan modification and short sale, Chase foreclosed on the property. Chase purchased the Property at a sheriff's sale on August 1, 2013. (*See* Compl. Ex. X.) The Sheriff's Deed provided that February 1, 2014 would be the last day to redeem the Property. (*Id.* at PageID 233.)

Ellis failed to do so, instead filing this lawsuit on February 27, 2014. (*See* Compl.) She claimed that Defendants violated the federal Truth in Lending Act, the federal Real Estate Settlement Procedures Act, and Michigan state law. (*See generally id.*) Defendants removed the case to this Court on March 20, 2014 (R. 1) and filed their Motion to Dismiss on April 16, 2014 (R. 4). The Court granted the motion on December 16, 2014. (R. 23.) Ellis timely filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. (R. 25.) During the pendency of the appeal, Ellis' counsel withdrew, and she proceeded *pro se*. The Court of Appeals affirmed this Court's dismissal of the Complaint in an order filed February 8, 2016. (R. 27.) The Court of Appeals issued its mandate on June 7, 2016. (R. 29.) On June 13, 2016, ReMax sent Ellis a notice stating that "the new owner [of the South Rockwood home] intends to sell the Property." (R. 30, PID 811.)

Shortly thereafter, Ellis filed in this Court her "Combined Emergency Motion for Temporary Restraining Order or Preliminary Injunction, Motion to Stay Eviction and Conveyance/Transfer." (R. 30.) Embedded in her briefing is also a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (*Id.*) After careful consideration of the briefs and thorough review of the filings, the Court finds that oral argument will not aid in

resolving the pending motion. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, Ellis' motion will be denied.

## II. MOTION FOR RELIEF FROM JUDGMENT

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

(*Id.*) However, "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). "However, 'it is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b).'" *Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1333 (6th Cir. 1985) (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.1972)).

This Court entered its final judgment on December 16, 2014. (R. 23.) Accordingly, any motion pursuant to Rule 60(b)(1)–(3) had to be filed, at the latest, by December 16, 2015. Ellis did not file her motion until June 20, 2016. And while she cites Rule 60(b)(6), it is clear that her motion instead falls within the purview of Rule 60(b)(3): underpinning her motion is her

3

assertion that defendants have perpetrated a "fraud on the court system." (R. 30 at 1.) Ellis cannot avoid her timeliness problem by invoking Rule 60(b)(6).

"The only escape from the one-year bar for fraud-based motions for relief from judgment is found in Rule 60(d), which allows litigants to bring an independent action challenging validity of the judgment at any time." *Morawski v. U.S. Dep't of Agric.*, No. 09-14568, 2010 WL 2663201, at \*6 (E.D. Mich. July 2, 2010). Federal Rule of Civil Procedure 60(d)(3) provides, "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." The Sixth Circuit has construed "fraud upon the court" narrowly:

> Fraud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) (quoting 7 Moore's Federal Practice and Procedure ¶ 60.33). "By contrast, an allegation of 'nondisclosure to the court of facts allegedly pertinent to the matter before it . . . will not ordinarily rise to the level of fraud on the court.'" *Morawski*, 2010 WL 2663201, at \*7 (*First Nat'l Bank v. Lustig*, 96 F.3d 1554, 1573 (5th Cir.1980)).

Ellis' allegations in her motion fall into the latter category. She states that during the pendency of her case, she suffered from a disability and family issues that prevented her from making her payments and engaging fully in the loan modification process. (R. 30, PID 820–24.) She also alleges that in February and September 2014, Chase accessed her Experian credit file in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f). She also suggests that her former counsel may have had something to do with the timing of Chase's impermissible access. (R. 30, PID 829.) True, neither of these issues came before the Court before it granted

4

Defendants' motion to dismiss. But neither implicate "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972).

Ellis' fraud-based Rule 60 motion is untimely and otherwise fails to set forth a proper basis for relief. Accordingly, the motion will be denied.

### III. MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Ellis also seeks a temporary restraining order or a preliminary injunction, "staying the eviction of Plaintiff and/or further conveyance or transfer of her home until a hearing on the merits of her Motion under Fed. R. Civ. P. Rule 60(b)(6), Rule 60(d)(1)/Rule 60(d)(3) or an independent action under FCRA and/or FDCPA or transfer to the appropriate Federal Agency[.]" (R.30 at PID 807.) This request will be denied.

The Court has already entered final judgment dismissing the Complaint. The Court of Appeals has affirmed and issued its mandate. "Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to 'proceed in accordance with the mandate and law of the case as established by the appellate court.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (citation omitted). The Sixth Circuit has noted,

> The mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.' Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.

*United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001)). And in this case, the Sixth Circuit did not even remand—the Court merely affirmed this Court's determination that the entire action should be dismissed because Ellis' Complaint failed to state a claim for which relief may be granted. Thus, the Court cannot do anything but follow the Sixth Circuit's holding that the action is dismissed. *See Higgins v. BAC Home Loans Serv., LP*, No. 12-cv-183, 2016 U.S. Dist. LEXIS 73687, at *6 (E.D. Ky. June 7, 2016).

Even if the Court were to consider Ellis' motion, she has not established a substantial likelihood or probability of success on the merits. *See Entm't Prods., Inc. v. Shelby County, Tenn.*, 588 F.3d 372, 377 (6th Cir. 2009); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Again, her Complaint has already been dismissed, and that judgment was affirmed by the Sixth Circuit. The Court has already found that Ellis' motion under Federal Rule of Civil Procedure 60 is not meritorious. And while the Court has doubts as to the viability of Ellis' purported claims under the FCRA and the FDCPA (for example, the FCRA has a two-year statute of limitations triggered when the plaintiff discovers the violation, 15 U.S.C. § 1681p), she cannot assert those new claims in this case post-Sixth Circuit mandate.

## IV. CONCLUSION

For the reasons set forth above, Ellis' Emergency Motions for Temporary Restraining Order or Preliminary Injunction, Motion to Stay Eviction and Conveyance/Transfer and to Set Aside Judgment are DENIED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 22, 2016.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson

2:14-cv-11186-LJM-MJH Doc # 31 Filed 06/22/16 Pg 7 of 7 Pg ID 946